[No. 8409.]

McKirahan v. Georgetown Tunnel Transportation Co.

Non-Suit—*Voluntary.* Plaintiff's motion to dismiss his action without prejudice, while c. 10 of the Code was in force, *held* equivalent to a voluntary non-suit.

*Error to Clear Creek District Court.* Hon. Charles McCall, Judge.

Mr. John J. White, for plaintiff in error.

Messrs. Dana & Blount, for defendant in error.

Chief Justice White delivered the opinion of the court.

McKirahan sued The Georgetown Tunnel Transportation Company, a corporation, upon two causes of action. The first was upon an open account for labor performed and money advanced by the plaintiff for the use and benefit of the defendant prior to the 9th day of April, 1909. The second cause of action was for services rendered by the plaintiff as general manager of the defendant company, at its instance and request, prior to the 20th day of February, 1910. The plaintiff filed a bill of particulars from which it appears that every item covered in both causes of action accrued prior to Oc-

tober 9, 1909, except an item of $50.00 for salary as general manager of the corporation from January 20th to February 20th, 1910.

Among other defenses interposed the defendant claimed that on October 18, 1909, the plaintiff and defendant had a settlement of their accounts at which the aggregate amount of plaintiff's claim was ascertained and determined, and in full satisfaction and discharge thereof he agreed to receive and accept from the defendant company ten thousand shares of the preferred capital stock of the corporation, when the same was issued, and as to the aforesaid item of $50.00 denied that any services were rendered. The minutes of the meetings of the board of directors of the corporation were identified by its president and introduced in evidence. They disclosed the presentation and settlement of the account of plaintiff as pleaded by defendant. The plaintiff admitted that he presented his account to the board of directors at a meeting on the 18th day of October, 1909, and the same was allowed in a definite sum, which he claims was somewhat larger than that disclosed by the records of the company. He also admitted that he agreed to accept in payment therefor a certain amount of the capital stock of the company, but claimed that he was to have common instead of preferred stock of the company. When the evidence on behalf of plaintiff was in, the defendant moved for a non-suit, except as to the item of $50.00 for alleged salary from January 20th to February 20th, 1910. The record further discloses that defendant, at the same time, asked the court to instruct the jury to return a verdict in its favor; and thereupon plaintiff, through his attorney, stated: "We move to dismiss this case without prejudice." The court then said that a non-suit would be granted; and judgment entered against plaintiff. Upon the order made the entry should have been

simply for dismissal with costs in favor of defendant. However, upon the entire record, such is the substantial effect of the judgment, and it will be so construed. Defendant's motion for a non-suit as to a part of plaintiff's claim, and to direct a verdict in defendant's favor upon the balance of such claim, together with plaintiff's request that the case be dismissed without prejudice, were equivalent to plaintiff taking a voluntary non-suit on the conclusion of his case. The judgment was entered before this court had adopted a rule as to the effect of non-suits or dismissals, and the action of the court in the premises, and the judgment entered have the same effect as though the court had expressly entered an order, as requested by plaintiff, dismissing "the case without prejudice." Chapter 10 of the Code of Civil Procedure, Rev. Stat. 1908, (Mills' Ann. Code, Chap. 10), was in full force and effect. *Schechter v. D. L. & G. R. R. Co.,* 8 Colo. App. 25, 28, 44 Pac. 761; *Hallack v. Loft,* 19 Colo. 74, 80, 34 Pac. 568; *Norton's Est. v. McAlister,* 22 Colo. App. 293, 299, 123 Pac. 963.

Clearly the rights of plaintiff in error were in no wise injuriously affected by the judgment, and it is affirmed.

Mr. JUSTICE GARRIGUES and Mr. JUSTICE SCOTT concur.

Decided February 5, A. D. 1917. Rehearing denied April 2, A. D. 1917.